# In the United States District Court for the Southern District of Georgia Waycross Division

| | |
|---|---|
| DAVID SANDIFORD,<br><br>    Plaintiff,<br><br>v.<br><br>MATTHEW HAGGARTY, CROSSLINK LIFE SCIENCES, LLC, and HOWMEDICA OSTEONICS CORPORATION,<br><br>    Defendants. | CV 5:23-017 |

## ORDER

Before the Court is Plaintiff David Sandiford's motion to remand. Dkt. No. 41. Defendant Howmedica Osteonics Corporation has responded in opposition, dkt. no. 41, and the motion is ripe for review.

In January 2023, Plaintiff, a Georgia resident, initiated this personal injury action in Ware County State Court against John Doe and his alleged employer, Stryker Sales, LLC, a foreign limited liability company authorized to do business in Georgia. Dkt. No. 1-1 at 3. In March 2023, Stryker Sales, LLC removed the case to this Court based on diversity jurisdiction. Dkt. No. 1 ¶ 7 (citing the diversity jurisdiction statute, 28 U.S.C. § 1332). After discovery, Plaintiff moved to add as a defendant Crosslink Life Sciences, LLC and to substitute Matthew Haggarty for Defendant

John Does and Howmedica Osteonics Corporation for Defendant Stryker Sales LLC. Dkt. Nos. 35, 36. The Court granted the motions. Dkt. No. 40.

Plaintiff now moves to remand this case to Ware County State Court, arguing that complete diversity jurisdiction has been destroyed. Dkt. No. 41 at 1. Indeed, adding Crosslink Life Sciences, LLC ("Crosslink"), a Georgia entity, as a properly joined defendant in this lawsuit destroys complete diversity. 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").

Defendant Howmedica Osteonics objects to the motion to remand as premature. Dkt. No. 42. It argues that because Defendant Crosslink has not yet been "properly joined and served[, . . . ] a remand on the basis of [Crosslink's] mere potential joinder is improper." Id. at 2. Defendant cites the removal statute, 28 U.S.C. § 1441, in support. Id. That statute states in part that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." § 1441(a)(2) (emphasis added). The purpose of this language, Defendant argues, "is to prevent the foiling of proper

2

jurisdiction by the Plaintiff by 'joining as a defendant a resident party against whom the plaintiff does not intend to proceed, and whom [the plaintiff] does not even serve.'" Dkt. No. 24 at 2 (quoting Goodwin v. Reynolds, 757 F.3d 1216, 1221 (11th Cir. 2014)). Here, however, the issue is not removal but joinder and remand. Indeed, neither party contends that removal in March 2023 was improper.

The Court looks to § 1447, the statute governing procedure *after* a case has been removed, for guidance. Section 1447(e) states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, *or permit joinder and remand the action to the State court.*" § 1447(e) (emphasis added). Here, the Court has already allowed joinder, thus, the next step is to "remand the action to the State court." Id. The statute does not say that the Court should wait to remand the action until the additional defendant whose joinder would destroy subject matter jurisdiction is served with process and/or appears in the action. And the Court can find no case that requires same. Because diversity jurisdiction is now lacking, the Court has no subject matter jurisdiction over this case. See § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Accordingly, Plaintiff's motion to remand, dkt. no. 41, is **GRANTED**. This case is hereby **REMANDED** to the Ware County State Court. The Clerk is **DIRECTED** to close this case.

**SO ORDERED**, this 21 day of March, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA